# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAVIER GONZALEZ-LOZA, | ) |
| | ) |
| Plaintiff, | ) Case No. 19-cv-3046 |
| | ) |
| vs. | ) |
| | ) Judge Matthew F. Kennelly |
| KANKAKEE COUNTY SHERIFF | ) |
| MIKE DOWNEY, ROBERT BERTUCCI, | ) JURY TRIAL DEMANDED |
| ERIC SENESAC, AND UNKNOWN AGENTS | ) |
| OF JEROME COMBS DETENTION CENTER, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COME the Defendants KANKAKEE COUNTY SHERIFF MICHAEL DOWNEY, ROBERT BERTUCCI, ERIC SENESAC, and UNKNOWN AGENTS OF THE JEROME COMBS DETENTION CENTER, by and through their attorneys, MICHAEL W. CONDON and TONY S. FIORETTI of HERVAS, CONDON & BERSANI, P.C., and for their Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, state as follows:

### Introduction

Plaintiff Javier Gonzalez-Loza ("Gonzalez-Loza"), by his appointed counsel, Elaine K.B. Siegel, complains as follows of Defendants Kankakee County Sheriff Mike Downey, officers Robert Bertucci ("Bertucci" and Eric Senesac.("Senesac"), and unknown agents at Jerome Combs Detention Center (JCDC).

1. This is an action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. Gonzalez-Loza seeks compensatory damages, attorneys' fees and costs for personal injuries arising from the willful and negligent conduct of Defendants Kankakee County Sheriff

Mike Downey ("Sheriff"), Kankakee County Sheriffs Robert Bertucci and Eric Senesac., and unknown agents at JCDC. Defendants failed to properly supervise the transport of Gonzalez-Loza while he was in its custody, resulting in injuries to Gonzalez-Loza,. and failed to provide medical care.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 1 of Plaintiff's Second Amended Complaint.**

### Parties, Jurisdiction And Venue

2. At all relevant times, Plaintiff Gonzalez-Loza has been an inmate in the custody of the United States Marshal Service ("USMS") and/or the Federal Bureau of Prisons ("BOP"). From June 13, 2018, until February 21, 2019, Gonzalez-Loza was housed at JCMC. [*sic*] On February 21, 2019, Gonzalez-Loza was transferred from the Jerome Combs Detention Center to the federal Metropolitan Correctional Center ("MCC") in Chicago. Since approximately July 2020, has been housed at Great Plains Correctional Facility in Hinton, Oklahoma.

**ANSWER:** **Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Second Amended Complaint.**

3. At all relevant times, Defendants Kankakee County Sheriff Mike Downey ("Sheriff"), Kankakee County Sheriffs Robert Bertucci ("Bertucci") and Eric Senesac ("Senesac"), and Unknown Agents at JCDC, did business in the Northern District of Illinois.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Second Amended Complaint.**

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America, and is premised on the acts and omissions of Defendants acting under color of federal law; and this action is premised upon federal causes of action under the Civil Rights Act, 42 U.S.C. § 1983.

**ANSWER:** **Defendants admit this Court has subject matter jurisdiction generally over the complaint, but deny that Count I is premised on a federal cause of action.**

5. Gonzalez-Loza is seeking relief under the Civil Rights Act, 42 U.S.C. § 1983, for money damages as compensation for his personal injuries that were caused by the negligent acts and omissions of employees and agents of the United States while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to Gonzalez-Loza pursuant to the laws of the State of Illinois.

**ANSWER:** **Defendants admit only that Plaintiff is bringing this action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 to redress alleged deprivations of his civil rights. Defendants deny that any of their actions or inactions constituted negligence, and deny that they violated Plaintiff's civil rights under § 1983 or under the U.S. Constitution.**

6. This Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1331 and §1346(b), and because a substantial part of the acts and omissions complained of occurred within the Northern District of Illinois.

**ANSWER:** **Defendants admit this Court has jurisdiction, but deny that this Court is the appropriate venue for litigating this case.**

7. Gonzalez-Loza has complied with the requirements of the provisions of the Prison Litigation Reform Act, 42 U.S.C. §1997(3)(a), in that JCDC failed to inform him of any grievance process, and failed and refused to process his repeated efforts at filing grievances.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Second Amended Complaint.**

## FACTS

8. On July 17, 2018, Javier Gonzalez-Loza ("Gonzalez-Loza") was transported from the Jerome Combs Detention Center, 3050 South Justice Way, Kankakee, Illinois 60901, to the Dirksen federal courthouse, located at 219 South Dearborn Street, Chicago, Illinois 60604. Gonzalez-Loza was transported by Kankakee County Sheriffs Robert Bertucci and Eic Senesac.

3

**ANSWER:** **Defendants admit the allegations contained in Pargraph 8 of Plaintiff's Second Amended Complaint.**

9. Upon arrival at the underground garage in the Dirksen building, three to five Unknown U.S. Marshals began assisting the two deputy sheriffs with Gonzalez-Loza's escort from the vehicle into the courthouse.

**ANSWER:** **Defendants admit only that upon arrival to the underground garage in the Dirksen building, a number of U.S. Marshals began assisting the two deputy Sheriffs with Plaintiff's escort from the transport vehicle into the courthouse.**

10. Loza was escorted to a different elevator than the elevator typically used for prisoner transport into the courthouse, Elevator 33, as Elevator 33 was out of service at that time.

**ANSWER:** **Defendants admit the allegations contained in Paragraph 10 of Plaintiff's Second Amended Complaint.**

11. The U.S. Marshals and the Kankakee Sheriffs Escorted Gonzalez-Loza up some concrete stairs in the underground garage that were connected to a loading dock. Gonzalez-Loza's ankles were shackled and his handcuffs were black-boxed. Gonzalez-Loza was escorted to a freight elevator that was used to bring the prisoners to the holding cell to wait for his court hearing.

**ANSWER:** **Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Second Amended Complaint.**

12. After Gonzalez-Loza's court hearing, on or about 3:00 p.m., Gonzalez-Loza, along with other prisoners, was being escorted to leave the courthouse, taking the same route they were escorted into the courthouse that morning, as Elevator 33 was still not in service at that time.

**ANSWER:** **Defendants admit the allegations contained in Pargraph 12 of Plaintiff's Second Amended Complaint.**

4

13. Gonzalez-Loza was fully shackled, handcuffed, and black-boxed while being escorted out of the courthouse.

**ANSWER:** **Defendants admit that Plaintiff was restrained in accordance with U.S. Marshal policy.**

14. When Gonzalez-Loza began to walk down the stairs that are connected to the loading dock in the underground garage, the chain on Gonzalez-Loza's ankle shackles got caught on a piece of metal trim that was protruding from the stair. Gonzalez-Loza tripped forward down the concrete stairs. Gonzalez-Loza could not reach for any hand railing or support himself in any way to stop from falling forward down the stairs, because of his shackles, handcuffs, and black-box. Gonzalez-Loza fell headfirst down four or five steps.

**ANSWER:** **Defendants deny that Plaintiff could not reach for any hand railing or support himself in any way to stop from falling forward down the stairs because of his shackles, handcuffs, and black-box. Defendants have insufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 14 of Plaintiff's Second Amended Complaint and therefore deny same and demand strict proof thereof.**

15. Gonzalez-Loza screamed in pain. Gonzalez-Loza heard a cracking sound in his back. He felt back and neck pain. He asked the Marshals and Sheriffs not to pick him up. One or more U.S. Marshals asked Gonzalez-Loza whether he was OK. Gonzalez-Loza said No. They picked him up anyway, by his arms.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Second Amended Complaint.**

16. The steel handcuffs Gonzalez-Loza was wearing were bent from the pressure placed upon the handcuffs when he hit the concrete with all his body weight. Gonzalez-Loza also sustained flesh wounds from the ankle shackles as they peeled skin off of his ankle during the fall. Gonzalez-Loza was bruised from his wrist to his elbow for more than two weeks from the fall.

**ANSWER:** **Defendants admit that the steel handcuffs Plaintiff was wearing were bent from the pressure placed upon the handcuffs when Plaintiff hit the concrete with all his body weight. Defendants have insufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 16 of Plaintiff's Second Amended Complaint and therefore deny same and demand strict proof thereof.**

17. One or more U.S. Marshals mocked Gonzalez-Loza.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Second Amended Complaint.**

18. At the Dirksen building, Gonzalez was seen by a nurse, who said they could not do anything. Thus, Gonzalez-Loza was transported back to the JCDC. During the trip, he felt dizzy, became ill and was vomiting.

**ANSWER:** **Defendants admit that Plaintiff was seen by a nurse who cleared him for transport back to JCDC. Defendants deny the remaining allegations in Paragraph 18 of Plaintiff's Second Amended Complaint.**

19. Gonzalez-Loza received inadequate medical treatment at JCDC, which exacerbated his condition.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Second Amended Complaint.**

20. On February 21, 2019, Gonzalez-Loza was transferred from the JCDC to the MCC-Chicago.

**ANSWER:** **Defendants admit the allegations contained in Pargraph 20 of Plaintiff's Second Amended Complaint.**

21. Following Gonzalez-Loza's arrival at MCC-Chicago, he began attending sick calls, complaining of sharp back and neck pain, which he still currently experiences daily.

**ANSWER:** **Defendants have insufficient knowledge to either admit or deny the allegations contained in Paragraph 21 of Plaintiff's Second Amended Complaint and therefore deny same and demand strict proof thereof.**

6

22. Subsequently, Gonzalez-Loza was transferred to the Great Plains Correctional Institution ("Great Plains") in Hinton, Oklahoma, where he remains in custody.

**ANSWER:** **Defendants admit the allegations contained in Paragraph 22 of Plaintiff's Second Amended complaint.**

23. Gonzalez-Loza's medical treatment at the MCC and at Great Plains has been inadequate, leaving him in continuing pain. His injuries have continued to intensify, leaving him in great pain.

**ANSWER:** **Defendants have insufficient knowledge to either admit or deny the allegations contained in Paragraph 23 of Plaintiff's Second Amended Complaint and therefore deny same and demand strict proof thereof.**

WHEREFORE, Defendants KANKAKEE COUNTY SHERIFF MICHAEL DOWNEY, ROBERT BERTUCCI, ERIC SENESAC, and UNKNOWN AGENTS OF THE JEROME COMBS DETENTION CENTER deny that the Plaintiff is entitled to any judgement whatsoever against them, and pray this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

## COUNT I
## 42 U.S.C. § 1983, NEGLIGENCE

1-23. Gonzalez-Loza states and repleads paragraphs 1-23 above, as if fully set forth herein.

**ANSWER:** **Defendants restate and incorporate their answers to Paragraphs 1-23 as their answer to this paragraph of Plaintiff's Second Amended Complaint.**

24. The conditions at the Dirksen building constituted an objectively serious hazard.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Second Amended Complaint.**

25. Through the actions set forth above, Defendants Bertucci and Senesac purposely, knowingly and/or recklessly disregarded the serous risk to Gonzalez-Loza, to whom they owed a

7

duty of care, given that he was handcuffed, shackled and black-boxed, was unable to stabilize or support himself, and could not safely navigate the building without assistance.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Second Amended Complaint.**

26. JCDC personnel owed a duty of care to treat the injuries resulting from the negligence of Bertucci and Senesac.

**ANSWER:** **Defendants acknowledge a duty of care owed to detainees generally for the treatment of non-life-threatening injuries. Defendants deny Plaintiff had objectively serious injuries or that any injury was the result of any action or inaction by Defendants Bertucci or Senesac.**

27. As a direct and proximate result of the Marshals' negligence, Gonzalez-Loza suffers from significant back pain, which has not responded to the inadequate treatment he has received since the incident of July 17, 2018.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Second Amended Complaint.**

28. As a detainee in the custody of the government, Gonzalez-Loza was owed a duty of care. The government breached that duty by failing to maintain safe transport at the Dirksen building; by failing to protect Gonzalez-Loza as he fell onto concrete steps, suffering serious injuries, as a direct and proximate result of the government's failure respect to his injuries; and by failing subsequently to cause appropriate care for his injuries.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Second Amended Complaint.**

29. Defendants, by and through its agents and employees, had a duty to exercise reasonable care for the safety of Gonzalez-Loza.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Second Amended Complaint.**

30. The County Defendants committed one or more of the following negligent acts or omissions:

    a. Failed to provide Gonzalez-Loza with reasonably safe premises;

    b. Failed to maintain the stairwell in a reasonably safe condition for use;

    c. Failed to properly supervises the transport of Gonzalez-Loza to JCDC; and

    d. Failed to provide adequate personnel to assist and treat Gonzalez-Loza.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Second Amended Complaint, inclusive of sub-paragraphs a-d.**

31. As a direct and proximate result of one or more of the foregoing acts and omissions, Gonzalez-Loza suffered grievous and persistent bodily injury, and has incurred, and will continue to incur, medical expenses in amounts to be proven at trial.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Second Amended Complaint.**

32. Gonzalez-Loza has suffered and is suffering irreparable injury.

**ANSWER:** **Defendants deny the allegations contained in Pargraph 32 of Plaintiff's Second Amended Complaint.**

33. Gonzalez-Loza has no adequate remedy at law.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Second Amended Complaint.**

WHEREFORE, Defendants KANKAKEE COUNTY SHERIFF MICHAEL DOWNEY, ROBERT BERTUCCI, ERIC SENESAC, and UNKNOWN AGENTS OF THE JEROME COMBS DETENTION CENTER deny that the Plaintiff is entitled to any judgement whatsoever against them, and pray this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

## COUNT II
## 42 U.S.C. § 1983, DENIAL OF MEDICAL CARE,
## AN EIGHTH AMENDMENT VIOLATION
## DOWNEY, AND UNNAMED AGENTS OF JCDC

1-33. Gonzalez-Loza repeats and realleges paragraphs 1-32 above, as if fully set forth herein.

**ANSWER:** **Defendants restate and incorporate their answers to Paragraphs 1-33 as their answer to this paragraph of Plaintiff's Second Amended Complaint.**

34. Defendants Downey and Unnamed Agents of JCDC have, at all relevant times, implemented certain policies, procedures, and practices:

    a. To provide an inadequate number of physicians and healthcare providers to evaluate and treat inmates;

    b. To provide inadequate and ineffective medical care and treatment;

    c. To be otherwise deliberately indifferent to inmates' needs, including the needs of Gonzalez-Loza.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Second Amended Complaint, inclusive of sub-paragraphs a.–c.**

35. As a direct and proximate result of one or more of the foregoing acts of deliberate indifference, such acts and conduct having been caused by the foregoing policies, procedures and practices, Gonzalez-Loza was caused to suffer undue pain and suffering, and loss of normal life. Gonzalez-Loza was thereby deprived of rights, privileges and immunities guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, thereby suffering cruel and unusual punishment.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Second Amended Complaint.**

36. Gonzalez-Loza has suffered and is suffering irreparable injury.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Second Amended Complaint.**

37. Gonzalez-Loza has no adequate remedy at law.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Second Amended Complaint.**

WHEREFORE, Defendants KANKAKEE COUNTY SHERIFF MICHAEL DOWNEY, ROBERT BERTUCCI, ERIC SENESAC, and UNKNOWN AGENTS OF THE JEROME COMBS DETENTION CENTER deny that the Plaintiff is entitled to any judgement whatsoever against them, and pray this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

    Respectfully submitted,

s/Michael W. Condon
MICHAEL W. CONDON, ARDC No. 06192071
TONY S. FIORETTI, ARDC No. 06308997
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com
tfioretti@hcbattorneys.com

## **FIRST AFFIRMATIVE DEFENSE**

NOW COME Defendants, KANKAKEE COUNTY SHERIFF MICHAEL DOWNEY, ROBERT BERTUCCI, ERIC SENESAC, and UNKNOWN AGENTS OF THE JEROME COMBS DETENTION CENTER, by and through their attorneys, MICHAEL W. CONDON and TONY S. FIORETTI of HERVAS, CONDON & BERSANI, P.C., and for their First Affirmative Defense to Plaintiff's Second Amended Complaint state as follows:

Plaintiff's claims are barred by the Prisoner Litigation Reform Act because Plaintiff failed to exhaust the grievance procedures available to him at the Jerome Combs Detention Center prior to filing his federal lawsuit. 42 U.S.C. § 1997e.

WHEREFORE, Defendants KANKAKEE COUNTY SHERIFF MICHAEL DOWNEY, ROBERT BERTUCCI, ERIC SENESAC, and UNKNOWN AGENTS OF THE JEROME COMBS DETENTION CENTER deny that the Plaintiff is entitled to any judgment whatsoever against them and pray this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

s/Michael W. Condon
MICHAEL W. CONDON, ARDC No. 06192071
TONY S. FIORETTI, ARDC No. 06308997
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com
tfioretti@hcbattorneys.com

## **SECOND AFFIRMATIVE DEFENSE**

NOW COME Defendants, KANKAKEE COUNTY SHERIFF MICHAEL DOWNEY, ROBERT BERTUCCI, ERIC SENESAC, and UNKNOWN AGENTS OF THE JEROME COMBS DETENTION CENTER, by and through their attorneys, MICHAEL W. CONDON and TONY S. FIORETTI of HERVAS, CONDON & BERSANI, P.C., and for their Second Affirmative Defense to Plaintiff's Second Amended Complaint state as follows:

Defendants did not violate any clearly established constitutional rights of which a reasonable person would have known, thus entitling them to qualified immunity.

WHEREFORE, Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

          Respectfully submitted,

          s/Michael W. Condon
          MICHAEL W. CONDON, ARDC No. 06192071
          TONY S. FIORETTI, ARDC No. 06308997
          *Attorneys for Defendants*
          HERVAS, CONDON & BERSANI, P.C.
          333 Pierce Road, Suite 195
          Itasca, IL 60143-3156
          630-773-4774
          mcondon@hcbattorneys.com
          tfioretti@hcbattorneys.com

**THIRD AFFIRMATIVE DEFENSE**

NOW COME Defendants, KANKAKEE COUNTY SHERIFF MICHAEL DOWNEY, ROBERT BERTUCCI, ERIC SENESAC, and UNKNOWN AGENTS OF THE JEROME COMBS DETENTION CENTER, by and through their attorneys, MICHAEL W. CONDON and TONY S. FIORETTI of HERVAS, CONDON & BERSANI, P.C., and for their Third Affirmative Defense to Plaintiff's Second Amended Complaint state as follows:

Plaintiff's claims are barred, in whole or in part, by the Illinois Local Governmental and Local Governmental Employees Tort Immunity Act, 745 ILCS 10/101 *et seq.*, ("Act"), including but not limited to the following:

1. Defendant Kankakee County Sheriff is a local public entity and the individual Defendants Corrections Officers are public employees as defined in the Act. 745 ILCS 10/1-206 and 1-207.

2. Defendants are not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by an injured party or a third party. 745 ILCS 10/2-102 and 10/2-302. Therefore, the Kankakee County Sheriff is not liable for any punitive damages award should such an award be made in favor of Plaintiff.

3. Defendant Kankakee County Sheriff is not liable for an injury resulting from an act or omission of its employees, including the individual Defendant Officers, where the employees are not liable. 745 ILCS 10/2-109. No Sheriff's employee, including the individual Defendant Corrections Officers or unnamed agents, are liable for Plaintiff's alleged injuries and damages, so the Sheriff is not liable.

4. The individual Defendant Corrections Officers are not liable for their alleged acts or omissions in the execution or enforcement of any law unless such acts or omissions constitute

14

willful and wanton conduct. 745 ILCS 10/2-202, 10/1-210. The Officers at all times were executing or enforcing the law and their acts or omissions did not constitute willful and wanton conduct.

5. The individual Defendant Corrections Officers are not liable for any injury caused by the acts or omissions of another person. 745 ILCS 10/2-204. Plaintiff was injured through his own negligence or through that of the United States Marshals responsible for Plaintiff's restraint and escort down the stairs of the Federal Courthouse. Therefore, Defendants are not liable.

6. The Defendant Sheriff and the individual Defendant Corrections Officers are not liable for any failure to provide adequate police protection or service relative to their alleged acts or omissions in preventing the decedent from tripping, falling, or otherwise providing medical attention. 745 ILCS 10/4-102.

7. The Defendant Sheriff and the individual Defendant Corrections Officers are not liable for any injury proximately caused by the alleged failure to furnish or obtain medical care for a prisoner in their custody unless they knew from their observations of conditions that the prisoner was in need of immediate medical care and through willful and wanton conduct failed to take reasonable action to summon medical care. 745 ILCS 10/4-105. Once Plaintiff fell, he was evaluated and cleared for transportation by a nurse at the Dirksen Federal Courthouse, and upon arrival back to JCDC, he was seen immediately by Jail medical staff. Defendants were not initially aware from their observations that Plaintiff needed immediate medical care, but nonetheless secured Plaintiff medical care, and took reasonable action to provide and summon medical care and therefore their conduct was not willful and wanton.

8. Defendants are absolutely immune from state law tort claims involving the failure to provide "sufficient equipment, personnel, supervision or facilities therein." 745 ILCS 10/4-103.

WHEREFORE, Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

    Respectfully submitted,

    s/Michael W. Condon
    MICHAEL W. CONDON, ARDC No. 06192071
    TONY S. FIORETTI, ARDC No. 06308997
    *Attorneys for Defendants*
    HERVAS, CONDON & BERSANI, P.C.
    333 Pierce Road, Suite 195
    Itasca, IL 60143-3156
    630-773-4774
    mcondon@hcbattorneys.com
    tfioretti@hcbattorneys.com

## **FOURTH AFFIRMATIVE DEFENSE**

NOW COME Defendants, KANKAKEE COUNTY SHERIFF MICHAEL DOWNEY, ROBERT BERTUCCI, ERIC SENESAC, and UNKNOWN AGENTS OF THE JEROME COMBS DETENTION CENTER, by and through their attorneys, MICHAEL W. CONDON and TONY S. FIORETTI of HERVAS, CONDON & BERSANI, P.C., and for their Fourth Affirmative Defense to Plaintiff's Second Amended Complaint state as follows:

1. At the time and place alleged in Plaintiff's Second Amended Complaint, it was the duty of Plaintiff before and at the time of the occurrence, to use ordinary care for his own health and safety.

2. Plaintiff carelessly, negligently, or intentionally failed to: (a) exercise reasonable care for his own safety; (b) keep a proper lookout; (c) avoid obvious trip hazards; (d) keep pace with the other detainees; (e) listen to the instructions of the U.S. Marshals; (f) use the handrail; (g) reach out and prevent himself from falling; and (h) avoid an open and obvious condition located on the stairs.

3. Accordingly, Defendants are not liable to Plaintiff and alternatively Plaintiff's recovery should be reduced in accordance with his proportionate contributory negligence.

4. WHEREFORE, Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

> Respectfully submitted,
>
> s/Michael W. Condon
> MICHAEL W. CONDON, ARDC No. 06192071
> *Attorneys for Defendants*
> HERVAS, CONDON & BERSANI, P.C.
> 333 Pierce Road, Suite 195
> Itasca, IL 60143-3156   630-773-4774

**FIFTH AFFIRMATIVE DEFENSE**

NOW COME Defendants, KANKAKEE COUNTY SHERIFF MICHAEL DOWNEY, ROBERT BERTUCCI, ERIC SENESAC, and UNKNOWN AGENTS OF THE JEROME COMBS DETENTION CENTER, by and through their attorneys, MICHAEL W. CONDON and TONY S. FIORETTI of HERVAS, CONDON & BERSANI, P.C., and for their Fifth Affirmative Defense to Plaintiff's Second Amended Complaint state as follows:

Plaintiff's claims fail to state a claim upon which relief can be granted. Count I fails to state a claim for negligence, willful or wanton misconduct under Illinois tort law, and fails to state a federal claim under 42 U.S.C. § 1983. Count II fails to state a claim for inadequate medical care or a municipal policy claim under Section 1983.

WHEREFORE, Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

    Respectfully submitted,

    s/Michael W. Condon
    MICHAEL W. CONDON, ARDC No. 06192071
    *Attorneys for Defendants*
    HERVAS, CONDON & BERSANI, P.C.
    333 Pierce Road, Suite 195
    Itasca, IL 60143-3156   630-773-4774
    mcondon@hcbattorneys.com
    tfioretti@hcbattorneys.com

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAVIER GONZALEZ-LOZA, ) | |
| ) | |
| Plaintiff, ) | Case No. 19-cv-3046 |
| ) | |
| vs. ) | |
| ) | Judge Matthew F. Kennelly |
| KANKAKEE COUNTY SHERIFF ) | |
| MIKE DOWNEY, ROBERT BERTUCCI, ) | JURY TRIAL DEMANDED |
| ERIC SENESAC, AND UNKNOWN AGENTS ) | |
| OF JEROME COMBS DETENTION CENTER, ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on **November 16, 2020**, I electronically filed the foregoing *Defendants' Answer and Affirmative Defenses to Plaintiff's Second Complaint* with the Clerk of the U.S. District Court for the Northern District of Illinois using the CM/ECF system, which will send notification to the following CM/ECF participants:

Sarah North
United States Attorney's Office (NDIL-Chicago)
219 S. Dearborn St.
Chicago, IL 60604
sarah.north@usdoj.gov
usailn.ecfausa@usdoj.gov

Elaine K.B. Siegel
53 W. Jackson Blvd., Suite 857
Chicago, IL 60604
(312) 583-9970
ekbsiegel@aol.com

                                         s/Michael W. Condon
                                         MICHAEL W. CONDON, ARDC No. 06192071
                                         TONY S. FIORETTI, ARDC No. 06308997
                                         *Attorney for Defendant Kankakee County*
                                         *Sheriff Michael Downey*
                                         HERVAS, CONDON & BERSANI, P.C.
                                         333 Pierce Road, Suite 195
                                         Itasca, IL 60143-3156
                                         630-773-4774
                                         mcondon@hcbattorneys.com
                                         tfioretti@hcbattorneys.com