UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| JAVIER GONZALEZ-LOZA, ) | |
| ) | |
| Plaintiff, ) | Case No. No. 19 C 3046 |
| ) | |
| v. ) | Hon. Judge Matthew Kennelly |
| ) | |
| ) | |
| COUNTY OF KANKAKEE, ) | |
| KANKAKEE COUNTY SHERIFF ) | |
| MIKE DOWNEY, ROBERT ) | |
| BERTUCCI, ERIC SENESAC, ) | |
| DR. JEFFREY LONG, AND ) | |
| UNKNOWN AGENTS OF JEROME ) | |
| COMBS DETENTION CENTER, ) | |
| ) | |
| Defendants ) | |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

### Introduction

Plaintiff Javier Gonzalez-Loza ("Gonzalez-Loza"), by his appointed counsel, Elaine K.B. Siegel, complains as follows of Defendants Kankakee County Sheriff Mike Downey, officers Robert Bertucci ("Bertucci" and Eric Senesac.("Senesac"), Dr. Jeffrey Long, and unknown agents at Jerome Combs Detention Center (JCDC).

1. This is an action pursuant to 42 U.S.C. § 1983. Gonzalez-Loza seeks compensatory damages, attorneys' fees and costs for personal injuries arising from the willful and negligent conduct of Defendants Kankakee County, Kankakee County Sheriff Mike Downey ("Sheriff"), Kankakee County Sheriffs Robert Bertucci and Eric Senesac, Dr. Jeffrey Long, and unknown agents at JCDC. Defendants failed to properly supervise the transport of Gonzalez-Loza while he was in its custody, resulting in direct physical injuries to Gonzalez-Loza,. and failed to provide medical care for his resultant injuries.

1

**Parties, Jurisdiction And Venue**

2. At all relevant times, Plaintiff Gonzalez-Loza has been an inmate in the custody of the United States Marshal Service ("USMS") and/or the Federal Bureau of Prisons ("BOP"). From June 13, 2018, until February 21, 2019, Gonzalez-Loza was housed at JCDC. On February 21, 2019, Gonzalez-Loza was transferred from the Jerome Combs Detention Center to the federal Metropolitan Correctional Center ("MCC") in Chicago. Since approximately July 2020, has been housed at Great Plains Correctional Facility in Hinton, Oklahoma.

3. At all relevant times, Defendants Kankakee County, Kankakee County Sheriff Mike Downey ("Sheriff"), Kankakee County Sheriffs Robert Bertucci ("Bertucci") and Eric Senesac ("Senesac"), Dr. Jeffrey Long, and Unknown Agents at JCDC, did business in the Northern District of Illinois.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America, and is premised on the acts and omissions of Defendants acting under color of federal law; and this action is premised upon federal causes of action under the Civil Rights Act, 42 U.S.C. § 1983.

5. Gonzalez-Loza is seeking relief under the Civil Rights Act, 42 U.S.C. § 1983, for money damages as compensation for his personal injuries that were caused by the deliberate indifference, and willful and wanton acts and omissions of employees and agents of the United States while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to Gonzalez-Loza pursuant to the laws of the State of Illinois.

6. This Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1331 and §1346(b), and because a substantial part of the acts and omissions complained of occurred within the Northern District of Illinois.

7. Gonzalez-Loza has complied with the requirements of the provisions of the Prison Litigation Reform Act, 42 U.S.C. §1997(3)(a), in that JCDC failed to inform him of any grievance process, and failed and refused to process his repeated efforts at filing grievances.

**FACTS**

8. At all times herein, the Plaintiff, Javier Gonzalez-Loza, was a federal detainee under the custody of the United States Marshal Service.

9. At all times relevant hereto, under an agreement between the United States Marshal's Service and the Defendants, County of Kankakee and Kankakee Sheriff's Office, Plaintiff Javier Gonzalez-Loza was housed at the Jerome Combs Detention Center ("JCDC"), 3050 South Justice Way, Kankakee, Illinois.

10. At all relevant times, Defendant County of Kankakee operated the Defendant, Kankakee County Sheriff's Office.

11. Defendants Eric Senesac, Robert Bertucci, and Dr. Jeffrey Long were agents and/or employees of the Defendant, County Of Kankakee, and/or the Kankakee County Sheriff's Office.

12. On or about July 17, 2018, Gonzalez-Loza was transported from the JCDC to the Dirksen Federal Courthouse, located at 219 South Dearborn Street, Chicago, Illinois 60604. Gonzalez-Loza was transported by Defendants Robert Bertucci and Eric Senesac.

13. Upon arrival at the underground garage in the Dirksen Courthouse, several Unknown U.S. Marshals began assisting Bertucci and Senesac with Gonzalez-Loza's escort from the vehicle into the Dirksen Courthouse.

14. Gonzalez-Loza's ankles were shackled and his handcuffs were black-boxed.

15. Gonzalez-Loza was escorted to a different elevator than Elevator 33, which was typically used for prisoner transport into the Dirksen Courthouse. Elevator 33 was out of service at that time.

16. The path through the Dirksen Courthouse garage to Elevator 33 was ordinarily maintained in reasonably safe condition for the transport of shackled prisoners.

17. On or around July 17, 2018, the U.S. Marshals and Defendants Senesac and Bertucci escorted Gonzalez-Loza through the Dirksen Courthouse underground garage, up the concrete stairs that were connected to a loading dock, to a freight elevator that was used to bring the prisoners to a holding cell to wait for their court hearings.

18. The concrete stairs had metal edging in defective condition, and lacked side walls or other safeguards to buffer any falls by the prisoners, whose shackled feet and handcuffed, blackboxed hands made them vulnerable to any loss of balance as they attempted to negotiate the staircases

19. The dangerous condition of the path through the underground garage of the Dirksen Courthouse and up the staircase to the freight elevator was plainly visible to defendants Senesac and Bertucci, who were deliberately indifferent to the danger, and did nothing to abate the danger in order to protect the vulnerable prisoners from the obvious and notorious dangers on their way to and from their hearings in the courthouse.

20. After Gonzalez-Loza's court hearing, at or about 3:00 p.m., Gonzalez-Loza, along with other prisoners, was being escorted to leave the Dirksen Courthouse, taking the same route they were escorted into the courthouse that morning, because Elevator 33 was still not in service at that time.

21. Gonzalez-Loza was fully shackled, handcuffed, and black-boxed while being escorted out of the courthouse.

22.. When Gonzalez-Loza began to walk down the stairs that are connected to the loading dock in the underground garage, the chain on Gonzalez-Loza's ankle shackles got caught on a piece of metal trim that was protruding from the stair. Gonzalez-Loza tripped forward down the concrete stairs. Gonzalez-Loza could not support himself in any way to stop from falling forward down the stairs, because of the perilous condition of the staircase, where he was

4

immobilized by his shackles, handcuffs, and black-box. Gonzalez-Loza fell headfirst down the steps.

23. Gonzalez-Loza screamed in pain. Gonzalez-Loza heard a cracking sound in his back. He felt back and neck pain.

24. Gonzalez-Loza, who is Spanish-speaking, asked the Marshals and Sheriffs not to pick him up. One or more U.S. Marshals asked Gonzalez-Loza whether he was OK. Gonzalez-Loza said No. They picked him up anyway, by his arms.

25. The steel handcuffs Gonzalez-Loza was wearing were bent from the pressure placed upon the handcuffs when he hit the concrete with all his body weight. Gonzalez-Loza also sustained flesh wounds from the ankle shackles as they peeled skin off of his ankle during the fall. Gonzalez-Loza was bruised from his wrist to his elbow for more than two weeks from the fall.

26. One or more U.S. Marshals mocked Gonzalez-Loza.

27. At the Dirksen Courthouse, Gonzalez was seen by a nurse, who observed him, gave some first aid, and gave Motrin.

28. One or more unknown JCDC inmates told Defendants Senesac and Bertucci that Gonzalez-Loza needed to go to the hospital for treatment. Defendants ignored them and proceeded to take the inmates back to JCDC.

29. During the trip back to JCDC, Gonzalez-Loza felt dizzy, became ill and began vomiting. Unknown JCDC inmates again told Senesac and Bertucci that Plaintiff needed to go to the hospital. Defendants ignored them and continued to take the inmates back to JCDC, and failed and refused to render any assistance to Plaintiff.

30. Upon his return to JCDC, under the supervision of Dr. Long, Gonzalez-Loza again received nothing more than first aid – ice packs -- and Motrin. The next day, Gonzalez-Loza was again seen under the supervision of Dr. Long, where Plaintiff complained that his stiff back was the worst pain

he had ever felt. Despite signs of musculoskeletal irregularities, he was again given ibuprofen and Tylenol, and merely told to move around and stretch.

31. Gonzalez-Loza continued to receive minimal and inadequate medical treatment at JCDC, whose willful and wanton failure to provide needed treatment exacerbated his condition, as his pain and disability intensified. After months of various medications failed to address his persistent complaints of excruciating pain, and despite X-Rays showing significant abnormalities of the cervical and thoracic spine, Plaintiff was ultimately prescribed physical therapy, and even that was not provided.

32. On February 21, 2019, Gonzalez-Loza was transferred from the JCDC to the MCC-Chicago.`

33. Following Gonzalez-Loza's arrival at MCC-Chicago, he began attending sick calls, complaining of sharp back and neck pain, which he still currently experiences continuously, affecting his mobility.

34. Subsequently, Gonzalez-Loza was transferred to the Great Plains Correctional Institution ("Great Plains") in Hinton, Oklahoma, where he remains in custody.

35. Gonzalez-Loza's medical treatment at the MCC and at Great Plains has been inadequate, leaving him in continuing and escalating pain. His injuries have continued to intensify, leaving him in great pain.

<u>COUNT I</u>
<u>42 U.S.C. § 1983 AGAINST DEFENDANTS KANKAKEE,</u>
<u>KANKAKEE COUNTY SHERIFF'S OFFICE</u>
<u>AND DEFENDANTS SENESAC, BERTUCCI AND DR. LONG</u>

1-35. Gonzalez-Loza states and repleads paragraphs 1- 35 above, as if fully set forth herein.

36. On or about July 17, 2018, Defendants Senesac, Bertucci, and Dr. Long acted under color of law of a statute, ordinance, regulation, custom, or usage of the State of Illinois and/or the County of Kankakee and the Kankakee County Sheriff's Office.

37. The actions of Defendants Senesac, Bertucci and Dr. Long were in direct violation of Plaintiff's rights pursuant to the Eighth Amendment of the Constitution of the United States.

38. At all relevant times, on information and belief, Defendants Senesac, Bertucci, and Dr. Long were acting pursuant to and enforcing express policies of Defendants County of Kankakee and the Kankakee County Sheriff's Office, whether written or unwritten, which were in deprivation of Plaintiff's constitutional rights under the Eighth Amendment, causing Plaintiff to be injured, to suffer exacerbation of his injury, and to languish for months without necessary medical treatment, causing continuing deterioration of his medical condition and great pain and suffering.

39. The referenced policies were relevant to the transport of inmates, and the rendering of medical treatment to inmates under the care of the County of Kankakee and the Kankakee County Sheriff's Office.

40. Such policies, on information and belief, were communicated to employees and/or agents of the County of Kankakee and the Kankakee County Sheriff's Office.

41. Said policies, on information and belief, were communicated to employees and/or agents of the Defendants prior to the incident at the Dirksen Courthouse, and the ensuing failure to provide necessary and appropriate medical treatment.

42. The conditions of the transit route through the underground garage at the Dirksen Courthouse, and the perilous staircase, constituted objectively serious hazards, open and obvious conditions posing a grave risk of harm to the inmates in the custody and control of Defendants.

43. Through the actions set forth above, Defendants Bertucci and Senesac purposely, knowingly and/or recklessly disregarded the serious risk to Gonzalez-Loza, to whom they owed a duty of care, given that he was handcuffed, shackled and black-boxed, was unable to stabilize or support himself, and could not safely navigate the dangerous building without assistance.

44. Under the control and direct supervision of Dr. Long, Kankakee County, Downey, and the Kankakee Sheriff's Office, the JCDC owed a duty of care to treat the injuries resulting from the deliberate indifference of Bertucci and Senesac, and the ongoing conditions caused by the medical personnel at JCDC.

45. At all relevant times, Defendants and their employees and agents were acting pursuant to and in enforcement of widespread practices of Defendants, that are so permanent and well settled as to constitute customs or usages with the force of law, which were a widespread practice in the deprivation of Plaintiff's Constitutional rights under the Eighth Amendment.

46. At all relevant times, Defendants through their employees, agents officers, deputies, and supervisees, had a duty of due care, and caution for Plaintiff's safety and well-being, and to act reasonably and without violating Plaintiff's constitutional rights.

47. All actions of Defendants through their employees, agents, deputies and officers were taken in an intentional manner and/or with reckless and deliberate indifference in total disregard for the safety and constitutional rights of Plaintiff. Such conduct was egregious and caused the harm suffered by the Plaintiff.

48. Defendants' actions were unnecessary and unreasonable under the circumstances.

49. As a direct and proximate result of one or more of the foregoing willful, malicious, or intentional acts or omissions, the Plaintiff sustained severe and permanent injuries to his body, particularly his neck and back, suffered great pain and suffering, required medical treatment, and was greatly deprived of his constitutional rights.

50. As a direct and proximate result of the reckless indifference of Defendants Bertucci, Senesac and Dr. Long, Gonzalez-Loza suffers from continuously increasing pain in his neck and back, which has not responded to treatment due to the deliberate delay of such treatment as was provided, and

failure to provide medically necessary treatment, that he has endured since the incident on or about July 17, 2018.

51. As a detainee in the custody of the government, Gonzalez-Loza was owed a duty of care. Defendants breached that duty by failing to maintain safe transport at the Dirksen Courthouse; by failing to abate or cause the abatement of the open and notorious safety hazards at the Dirksen Courthouse underground garage; by failing to protect Gonzalez-Loza as he was tripped by a defect in the staircase, and he fell onto concrete steps, suffering serious injuries, as a direct and proximate result of the government's failure with respect to his injuries; and by failing subsequently to cause appropriate care for his injuries.

52. As a direct and proximate result of one or more of the foregoing acts and omissions, Gonzalez-Loza suffered grievous and persistent bodily injury, and has incurred, and will continue to incur, medical expenses in amounts to be proven at trial.

53. As a direct and proximate result of one or more of the foregoing acts and omissions, Gonzalez-Loza has suffered grievous emotional distress.

54. Gonzalez-Loza has suffered and is suffering irreparable injury.

55. Gonzalez-Loza has no adequate remedy at law.

**WHEREFORE,** Plaintiff Gonzalez-Loza respectfully requests that this Honorable Court enter an order granting the following relief:

    a. Judgment in his favor and against Downey, Bertucci, Senesac, Dr. Long, and Unnamed Agents of Jerome Combs Detention Center, for an amount to be determined for compensatory and punitive damages;

    b. Injunctive relief compelling the referral of Plaintiff for appropriate medical treatment;

    c. Costs and attorneys' fees due under the Federal Rules of Civil Procedure and under 42 U.S.C. § 1988; and

d.  Such other and further relief as this Court deems just and equitable.

## COUNT II
## 42 U.S.C. § 1983, DENIAL OF MEDICAL CARE,
## AN EIGHTH AMENDMENT VIOLATION
## DOWNEY, AND DR. LONG

1-55.  Gonzalez-Loza repeats and realleges paragraphs 1-55 above, as if fully set forth herein.

56. Defendants Downey, Dr. Long, and Unnamed Agents of JCDC have, at all relevant times, implemented certain policies, procedures, and practices:

a.  To provide an inadequate number of physicians and healthcare providers to evaluate and treat inmates;

b.  To provide inadequate and ineffective medical care and treatment;

c.  To be otherwise deliberately indifferent to inmates' needs, including the needs of Gonzalez-Loza.

57. As a direct and proximate result of one or more of the foregoing acts of deliberate indifference, such acts and conduct having been caused by the foregoing policies, procedures and practices, Gonzalez-Loza was caused to suffer undue pain and suffering, and loss of normal life. Gonzalez-Loza was thereby deprived of rights, privileges and immunities guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, thereby suffering cruel and unusual punishment.

58. Gonzalez-Loza has suffered and is suffering irreparable injury.

59. Gonzalez-Loza has no adequate remedy at law.

**WHEREFORE,** Plaintiff Gonzalez-Loza respectfully requests that this Honorable Court enter an order granting the following relief:

a.  Judgment in his favor and against the Sheriff, Dr. Long, and Unnamed Agents of JCDC, for an amount to be determined for compensatory and punitive damages;

b.  Injunctive relief compelling the referral of Plaintiff for appropriate medical treatment;

  c. Costs and attorneys' fees due under the Federal Rules of Civil Procedure and under 42 U.S.C. § 1988; and

  d. Such other and further relief as this Court deems just and equitable.

DATED: December 21, 2020

        Respectfully submitted,

        /s/ Elaine K.B. Siegel

OF COUNSEL:

Elaine K.B. Siegel
ARDC No. 6183905
Elaine K.B. Siegel & Assoc., P.C.
P.O. Box 6486
Evanston, IL 60204
(312) 339-8088
ekbsiegel@aol.com