## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JAVIER GONZALEZ-LOZA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-3046 |
| | ) | |
| vs. | ) | |
| | ) | Judge Matthew F. Kennelly |
| KANKAKEE COUNTY SHERIFF | ) | |
| MIKE DOWNEY, ROBERT BERTUCCI, | ) | |
| ERIC SENESAC, UNKNOWN AGENTS OF | ) | JURY TRIAL DEMAND |
| JEROME COMBS DETENTION CENTER, | ) | |
| AND JEFFREY LONG, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S THIRD AMENDED COMPLAINT

### Introduction

NOW COME Defendants MICHAEL DOWNEY, ROBERT BERTUCCI, ERIC SENESAC, UNKNOWN AGENTS OF THE JCDC and JEFFREY LONG, by and through their attorneys, MICHAEL W. CONDON and TONY S. FIORETTI of HERVAS, CONDON & BERSANI, P.C., and for their Answer and Affirmative Defense to Plaintiff's Third Amended Complaint at Law, state as follows:

1.      This is an action pursuant to 42 U.S.C. § 1983. Gonzalez-Loza seeks compensatory damages, attorneys' fees and costs for personal injuries arising from the willful and negligent conduct of Defendants Kankakee County, Kankakee County Sheriff Mike Downey ("Sheriff"), Kankakee County Sheriffs Robert Bertucci and Eric Senesac, Dr. Jeffrey Long, and unknown agents at JCDC. Defendants failed to properly supervise the transport of Gonzalez-Loza while he was in its custody, resulting in direct physical injuries to Gonzalez-Loza, and failed to provide medical care for his resultant injuries.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 1 of Plaintiff's Third Amended Complaint.**

**Parties, Jurisdiction And Venue**

2.      At all relevant times, Plaintiff Gonzalez-Loza has been an inmate in the custody of the United States Marshal Service ("USMS") and/or the Federal Bureau of Prisons ("BOP"). From June 13, 2018, until February 21, 2019, Gonzalez-Loza was housed at JCDC. On February 21, 2019, Gonzalez-Loza was transferred from the Jerome Combs Detention Center to the federal Metropolitan Correctional Center ("MCC") in Chicago. Since approximately July 2020, has been housed at Great Plains Correctional Facility in Hinton, Oklahoma.

**ANSWER:** **Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Third Amended Complaint.**

3.      At all relevant times, Defendants Kankakee County, Kankakee County Sheriff Mike Downey ("Sheriff"), Kankakee County Sheriffs Robert Bertucci ("Bertucci") and Eric Senesac ("Senesac"), Dr. Jeffrey Long, and Unknown Agents at JCDC, did business in the Northern District of Illinois.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Third Amended Complaint.**

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America, and is premised on the acts and omissions of Defendants acting under color of federal law; and this action is premised upon federal causes of action under the Civil Rights Act, 42 U.S.C. § 1983.

**ANSWER:** **Defendants admit this Court has subject matter jurisdiction generally over the complaint, but deny that that the portions of Plaintiff's Third Amended Complaint relating to premises liability and common law negligence are premised on a federal cause of action.**

5.     Gonzalez-Loza is seeking relief under the Civil Rights Act, 42 U.S.C. § 1983, for money damages as compensation for his personal injuries that were caused by the deliberate indifference, and willful and wanton acts and omissions of employees and agents of the United States while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to Gonzalez-Loza pursuant to the laws of the State of Illinois.

**ANSWER:     Defendants admit only that Plaintiff is bringing this action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 to redress alleged deprivations of his civil rights. Defendants deny that any of their actions or inactions constituted negligence, and deny that they violated Plaintiff's civil rights under § 1983 or under the U.S. Constitution. Defendants deny that the United States is a party to the cause of action.**

6.     This Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1331 and §1346(b), and because a substantial part of the acts and omissions complained of occurred within the Northern District of Illinois.

**ANSWER:     Defendants admit this Court has jurisdiction, but deny that this Court is the appropriate venue for litigating this case.**

7.     Gonzalez-Loza has complied with the requirements of the provisions of the Prison Litigation Reform Act, 42 U.S.C. §1997(3)(a), in that JCDC failed to inform him of any grievance process, and failed and refused to process his repeated efforts at filing grievances.

**ANSWER:     Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Third Amended Complaint.**

## FACTS

8.     At all times herein, the Plaintiff, Javier Gonzalez-Loza, was a federal detainee under the custody of the United States Marshal Service.

**ANSWER:     Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Third Amended Complaint.**

9.    At all times relevant hereto, under an agreement between the United States Marshal's Service and the Defendants, County of Kankakee and Kankakee Sheriff's Office, Plaintiff Javier Gonzalez-Loza was housed at the Jerome Combs Detention Center ("JCDC"), 3050 South Justice Way, Kankakee, Illinois.

**ANSWER:    Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Third Amended Complaint.**

10.    At all relevant times, Defendant County of Kankakee operated the Defendant, Kankakee County Sheriff's Office.

**ANSWER:    Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Third Amended Complaint.**

11.    Defendants Eric Senesac, Robert Bertucci, and Dr. Jeffrey Long were agents and/or employees of the Defendant, County Of Kankakee, and/or the Kankakee County Sheriff's Office.

**ANSWER:    Defendants admit only that Defendants Eric Senesac, Robert Bertucci and Dr. Long were employees or authorized agents of the Kankakee County Sheriff's Office.**

12.    On or about July 17, 2018, Gonzalez-Loza was transported from the JCDC to the Dirksen Federal Courthouse, located at 219 South Dearborn Street, Chicago, Illinois 60604. Gonzalez-Loza was transported by Defendants Robert Bertucci and Eric Senesac.

**ANSWER:    Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Third Amended Complaint.**

13.    Upon arrival at the underground garage in the Dirksen Courthouse, several Unknown U.S. Marshals began assisting Bertucci and Senesac with Gonzalez-Loza's escort from the vehicle into the Dirksen Courthouse.

**ANSWER:    Defendants admit only that upon arrival to the underground garage in the Dirksen building, a number of U.S. Marshals began assisting the two**

deputy Sheriffs with Plaintiff's escort from the transport vehicle into the courthouse.

14.     Gonzalez-Loza's ankles were shackled and his handcuffs were black-boxed.

**ANSWER:**     **Defendants admit that Plaintiff was restrained in accordance with U.S. Marshal policy.**

15.     Gonzalez-Loza was escorted to a different elevator than Elevator 33, which was typically used for prisoner transport into the Dirksen Courthouse. Elevator 33 was out of service at that time.

**ANSWER:**     **Defendants admit the allegations contained in Paragraph 15 of Plaintiff's Third Amended Complaint.**

16.     The path through the Dirksen Courthouse garage to Elevator 33 was ordinarily maintained in reasonably safe condition for the transport of shackled prisoners.

**ANSWER:**     **Defendants lack sufficient knowledge to sufficiently admit or deny the allegations contained in Paragraph 16 of Plaintiff's Third Amended Complaint and therefore deny same and demand strict proof thereof.**

17.     On or around July 17, 2018, the U.S. Marshals and Defendants Senesac and Bertucci escorted Gonzalez-Loza through the Dirksen Courthouse underground garage, up the concrete stairs that were connected to a loading dock, to a freight elevator that was used to bring the prisoners to a holding cell to wait for their court hearings.

**ANSWER:**     **Defendants admit the allegations contained in Paragraph 17 of Plaintiff's Third Amended Complaint.**

18.     The concrete stairs had metal edging in defective condition, and lacked side walls or other safeguards to buffer any falls by the prisoners, whose shackled feet and handcuffed, blackboxed hands made them vulnerable to any loss of balance as they attempted to negotiate the staircases.

**ANSWER:**     **Defendants deny that Plaintiff could not reach for any hand railing or support himself in any way to stop from falling forward down the stairs**

**because of his shackles, handcuffs, and black-box. Defendants have insufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 18 of Plaintiff's Third Amended Complaint and therefore deny same and demand strict proof thereof.**

19.     The dangerous condition of the path through the underground garage of the Dirksen Courthouse and up the staircase to the freight elevator was plainly visible to defendants Senesac and Bertucci, who were deliberately indifferent to the danger, and did nothing to abate the danger in order to protect the vulnerable prisoners from the obvious and notorious dangers on their way to and from their hearings in the courthouse.

**ANSWER:     Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Third Amended Complaint.**

20.     After Gonzalez-Loza's court hearing, at or about 3:00 p.m., Gonzalez-Loza, along with other prisoners, was being escorted to leave the Dirksen Courthouse, taking the same route they were escorted into the courthouse that morning, because Elevator 33 was still not in service at that time.

**ANSWER:     Defendants admit the allegations contained in Paragraph 20 of Plaintiff's Third Amended Complaint.**

21.     Gonzalez-Loza was fully shackled, handcuffed, and black-boxed while being escorted out of the courthouse.

**ANSWER:     Defendants admit that Plaintiff was restrained in accordance with U.S. Marshal policy.**

22.     When Gonzalez-Loza began to walk down the stairs that are connected to the loading dock in the underground garage, the chain on Gonzalez-Loza's ankle shackles got caught on a piece of metal trim that was protruding from the stair. Gonzalez-Loza tripped forward down the concrete stairs. Gonzalez-Loza could not support himself in any way to stop from falling forward down the stairs, because of the perilous condition of the staircase, where he

6

was immobilized by his shackles, handcuffs, and black-box. Gonzalez-Loza fell headfirst down the steps.

**ANSWER:** **Defendants deny that Plaintiff could not reach for any hand railing or support himself in any way to stop from falling forward down the stairs because of his shackles, handcuffs, and black-box. Defendants have insufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 22 of Plaintiff's Third Amended Complaint and therefore deny same and demand strict proof thereof.**

23. Gonzalez-Loza screamed in pain. Gonzalez-Loza heard a cracking sound in his back. He felt back and neck pain.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Third Amended Complaint.**

24. Gonzalez-Loza, who is Spanish-speaking, asked the Marshals and Sheriffs not to pick him up. One or more U.S. Marshals asked Gonzalez-Loza whether he was OK. Gonzalez-Loza said No. They picked him up anyway, by his arms.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Third Amended Complaint.**

25. The steel handcuffs Gonzalez-Loza was wearing were bent from the pressure placed upon the handcuffs when he hit the concrete with all his body weight. Gonzalez-Loza also sustained flesh wounds from the ankle shackles as they peeled skin off of his ankle during the fall. Gonzalez-Loza was bruised from his wrist to his elbow for more than two weeks from the fall.

**ANSWER:** **Defendants admit that the steel handcuffs Plaintiff was wearing were bent from the pressure placed upon the handcuffs when Plaintiff hit the concrete with all his body weight. Defendants have insufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 25 of Plaintiff's Third Amended Complaint and therefore deny same and demand strict proof thereof.**

26.     One or more U.S. Marshals mocked Gonzalez-Loza.

**ANSWER:     Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Third Amended Complaint.**

27.     At the Dirksen Courthouse, Gonzalez was seen by a nurse, who observed him, gave some first aid, and gave Motrin.

**ANSWER:     Defendants admit the allegations in Paragraph 27 of Plaintiff's Third Amended Complaint.**

28.     One or more unknown JCDC inmates told Defendants Senesac and Bertucci that Gonzalez-Loza needed to go to the hospital for treatment. Defendants ignored them and proceeded to take the inmates back to JCDC.

**ANSWER:     Defendants deny the allegations in Paragraph 28 of Plaintiff's Third Amended Complaint.**

29.     During the trip back to JCDC, Gonzalez-Loza felt dizzy, became ill and began vomiting. Unknown JCDC inmates again told Senesac and Bertucci that Plaintiff needed to go to the hospital. Defendants ignored them and continued to take the inmates back to JCDC, and failed and refused to render any assistance to Plaintiff.

**ANSWER:     Defendants deny the allegations in Paragraph 29 of Plaintiff's Third Amended Complaint.**

30.     Upon his return to JCDC, under the supervision of Dr. Long, Gonzalez-Loza again received nothing more than first aid – ice packs -- and Motrin. The next day, Gonzalez-Loza was again seen under the supervision of Dr. Long, where Plaintiff complained that his stiff back was the worst pain he had ever felt. Despite signs of musculoskeletal irregularities, he was again given ibuprofen and Tylenol, and merely told to move around and stretch.

**ANSWER:     Defendants deny the allegations in Paragraph 30 of Plaintiff's Third Amended Complaint.**

31.     Gonzalez-Loza continued to receive minimal and inadequate medical treatment at JCDC, whose willful and wanton failure to provide needed treatment exacerbated his condition, as his pain and disability intensified. After months of various medications failed to address his persistent complaints of excruciating pain, and despite X-Rays showing significant abnormalities of the cervical and thoracic spine, Plaintiff was ultimately prescribed physical therapy, and even that was not provided.

**ANSWER:     Defendants deny the allegations in Paragraph 31 of Plaintiff's Third Amended Complaint.**

32.     On February 21, 2019, Gonzalez-Loza was transferred from the JCDC to the MCC-Chicago.

**ANSWER:     Defendants admit the allegations in Paragraph 32 of Plaintiff's Third Amended Complaint.**

33.     Following Gonzalez-Loza's arrival at MCC-Chicago, he began attending sick calls, complaining of sharp back and neck pain, which he still currently experiences continuously, affecting his mobility.

**ANSWER:     Defendants have insufficient knowledge to either admit or deny the allegations contained in Paragraph 33 of Plaintiff's Third Amended Complaint and therefore deny same and demand strict proof thereof.**

34.     Subsequently, Gonzalez-Loza was transferred to the Great Plains Correctional Institution ("Great Plains") in Hinton, Oklahoma, where he remains in custody.

**ANSWER:     Defendants admit the allegations in Paragraph 34 of Plaintiff's Third Amended Complaint.**

35.     Gonzalez-Loza's medical treatment at the MCC and at Great Plains has been inadequate, leaving him in continuing and escalating pain. His injuries have continued to intensify, leaving him in great pain.

**ANSWER:**     **Defendants have insufficient knowledge to either admit or deny the allegations contained in Paragraph 35 of Plaintiff's Third Amended Complaint and therefore deny same and demand strict proof thereof.**

<u>**COUNT I**</u>
<u>**42 U.S.C. § 1983 AGAINST DEFENDANTS KANKAKEE,**</u>
<u>**KANKAKEE COUNTY SHERIFF'S OFFICE**</u>
<u>**AND DEFENDANTS SENESAC, BERTUCCI AND DR. LONG**</u>

1-35.     Gonzalez-Loza states and repleads paragraphs 1- 35 above, as if fully set forth herein.

**ANSWER:**     **Defendants restate and incorporate their answers to paragraphs 1-35 as if fully set forth herein.**

36.     On or about July 17, 2018, Defendants Senesac, Bertucci, and Dr. Long acted under color of law of a statute, ordinance, regulation, custom, or usage of the State of Illinois and/or the County of Kankakee and the Kankakee County Sheriff's Office.

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Third Amended Complaint.**

37.     The actions of Defendants Senesac, Bertucci and Dr. Long were in direct violation of Plaintiff's rights pursuant to the Eighth Amendment of the Constitution of the United States.

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Third Amended Complaint.**

38.     At all relevant times, on information and belief, Defendants Senesac, Bertucci, and Dr. Long were acting pursuant to and enforcing express policies of Defendants County of Kankakee and the Kankakee County Sheriff's Office, whether written or unwritten, which were in deprivation of Plaintiff's constitutional rights under the Eighth Amendment, causing Plaintiff to be injured, to suffer exacerbation of his injury, and to languish for months without necessary

medical treatment, causing continuing deterioration of his medical condition and great pain and suffering.

**ANSWER:** **Defendants admit that the Defendants actions were consistent with the Sheriff's policies. Defendants deny the remaining allegations contained in Paragraph 38 of Plaintiff's Third Amended Complaint.**

39. The referenced policies were relevant to the transport of inmates, and the rendering of medical treatment to inmates under the care of the County of Kankakee and the Kankakee County Sheriff's Office.

**ANSWER:** **Defendants admit that the Sheriff's Office has policies regarding the transportation of detainees and the provision of medical treatment to detainees. Defendants deny the remaining allegations contained in Paragraph 39 of Plaintiff's Third Amended Complaint.**

40. Such policies, on information and belief, were communicated to employees and/or agents of the County of Kankakee and the Kankakee County Sheriff's Office.

**ANSWER:** **Defendants admit the allegations contained in Paragraph 40 of Plaintiff's Third Amended Complaint.**

41. Said policies, on information and belief, were communicated to employees and/or agents of the Defendants prior to the incident at the Dirksen Courthouse, and the ensuing failure to provide necessary and appropriate medical treatment.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Third Amended Complaint.**

42. The conditions of the transit route through the underground garage at the Dirksen Courthouse, and the perilous staircase, constituted objectively serious hazards, open and obvious conditions posing a grave risk of harm to the inmates in the custody and control of Defendants.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Third Amended Complaint.**

43.     Through the actions set forth above, Defendants Bertucci and Senesac purposely, knowingly and/or recklessly disregarded the serious risk to Gonzalez-Loza, to whom they owed a duty of care, given that he was handcuffed, shackled and black-boxed, was unable to stabilize or support himself, and could not safely navigate the dangerous building without assistance.

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Third Amended Complaint.**

44.     Under the control and direct supervision of Dr. Long, Kankakee County, Downey, and the Kankakee Sheriff's Office, the JCDC owed a duty of care to treat the injuries resulting from the deliberate indifference of Bertucci and Senesac, and the ongoing conditions caused by the medical personnel at JCDC.

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Third Amended Complaint.**

45.     At all relevant times, Defendants and their employees and agents were acting pursuant to and in enforcement of widespread practices of Defendants, that are so permanent and well settled as to constitute customs or usages with the force of law, which were a widespread practice in the deprivation of Plaintiff's Constitutional rights under the Eighth Amendment.

**ANSWER:**     **Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Third Amended Complaint.**

46.     At all relevant times, Defendants through their employees, agents officers, deputies, and supervisees, had a duty of due care, and caution for Plaintiff's safety and well-being, and to act reasonably and without violating Plaintiff's constitutional rights.

**ANSWER:**     **Defendants acknowledge a duty of care owed to detainees generally for their safety and well-being. Defendants deny Plaintiff had objectively serious injuries or that any injury was the result of any action or inaction by any Defendant.**

47. All actions of Defendants through their employees, agents, deputies and officers were taken in an intentional manner and/or with reckless and deliberate indifference in total disregard for the safety and constitutional rights of Plaintiff. Such conduct was egregious and caused the harm suffered by the Plaintiff.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Third Amended Complaint.**

48. Defendants' actions were unnecessary and unreasonable under the circumstances.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Third Amended Complaint.**

49. As a direct and proximate result of one or more of the foregoing willful, malicious, or intentional acts or omissions, the Plaintiff sustained severe and permanent injuries to his body, particularly his neck and back, suffered great pain and suffering, required medical treatment, and was greatly deprived of his constitutional rights.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Third Amended Complaint.**

50. As a direct and proximate result of the reckless indifference of Defendants Bertucci, Senesac and Dr. Long, Gonzalez-Loza suffers from continuously increasing pain in his neck and back, which has not responded to treatment due to the deliberate delay of such treatment as was provided, and failure to provide medically necessary treatment, that he has endured since the incident on or about July 17, 2018.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Third Amended Complaint.**

51. As a detainee in the custody of the government, Gonzalez-Loza was owed a duty of care. Defendants breached that duty by failing to maintain safe transport at the Dirksen Courthouse; by failing to abate or cause the abatement of the open and notorious safety hazards

at the Dirksen Courthouse underground garage; by failing to protect Gonzalez-Loza as he was tripped by a defect in the staircase, and he fell onto concrete steps, suffering serious injuries, as a direct and proximate result of the government's failure with respect to his injuries; and by failing subsequently to cause appropriate care for his injuries.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Third Amended Complaint.**

52. As a direct and proximate result of one or more of the foregoing acts and omissions, Gonzalez-Loza suffered grievous and persistent bodily injury, and has incurred, and will continue to incur, medical expenses in amounts to be proven at trial.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Third Amended Complaint.**

53. As a direct and proximate result of one or more of the foregoing acts and omissions, Gonzalez-Loza has suffered grievous emotional distress.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Third Amended Complaint.**

54. Gonzalez-Loza has suffered and is suffering irreparable injury.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Third Amended Complaint.**

55. Gonzalez-Loza has no adequate remedy at law.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Third Amended Complaint.**

WHEREFORE, Defendants MICHAEL DOWNEY, ROBERT BERTUCCI, ERIC SENESAC, JEFFREY LONG, and UNKNOWN AGENTS OF THE JCDC deny that the Plaintiff is entitled to any judgment whatsoever against them, and pray this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

## COUNT II
## 42 U.S.C. § 1983, DENIAL OF MEDICAL CARE,
## AN EIGHTH AMENDMENT VIOLATION
## DOWNEY, AND DR. LONG

1-55.   Gonzalez-Loza repeats and realleges paragraphs 1-55 above, as if fully set forth

herein.

**ANSWER:**   **Defendants restate and incorporate their answers to paragraphs 1-55 as if fully set forth herein.**

56.   Defendants Downey, Dr. Long, and Unnamed Agents of JCDC have, at all

relevant times, implemented certain policies, procedures, and practices:

   a.   To provide an inadequate number of physicians and healthcare providers to evaluate and treat inmates;

   b.   To provide inadequate and ineffective medical care and treatment;

   c.   To be otherwise deliberately indifferent to inmates' needs, including the needs of Gonzalez-Loza.

**ANSWER:**   **Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Third Amended Complaint, inclusive of sub-paragraphs a-c.**

57.   As a direct and proximate result of one or more of the foregoing acts of deliberate

indifference, such acts and conduct having been caused by the foregoing policies, procedures and

practices, Gonzalez-Loza was caused to suffer undue pain and suffering, and loss of normal life.

Gonzalez-Loza was thereby deprived of rights, privileges and immunities guaranteed by the Eighth

and Fourteenth Amendments to the United States Constitution, thereby suffering cruel and unusual

punishment.

**ANSWER:**   **Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Third Amended Complaint.**

58.   Gonzalez-Loza has suffered and is suffering irreparable injury.

**ANSWER:**   **Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Third Amended Complaint.**

59.    Gonzalez-Loza has no adequate remedy at law.

**ANSWER:**    **Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Third Amended Complaint.**

WHEREFORE, Defendants MICHAEL DOWNEY, ROBERT BERTUCCI, ERIC SENESAC, JEFFREY LONG, and UNKNOWN AGENTS OF THE JCDC deny that the Plaintiff is entitled to any judgment whatsoever against them, and pray this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

**/s/ Michael W. Condon**
MICHAEL W. CONDON, ARDC No. 06192071
TONY S. FIORETTI, ARDC No. 06308997
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com
tfioretti@hcbattorneys.com

## **FIRST AFFIRMATIVE DEFENSE**

NOW COME Defendants, MICHAEL DOWNEY, ROBERT BERTUCCI, ERIC SENESAC, JEFFREY LONG, and UNKNOWN AGENTS OF THE JEROME COMBS DETENTION CENTER, by and through their attorneys, MICHAEL W. CONDON and TONY S. FIORETTI of HERVAS, CONDON & BERSANI, P.C., and for their First Affirmative Defense to Plaintiff's Third Amended Complaint state as follows:

Plaintiff's claims are barred by the Prisoner Litigation Reform Act because Plaintiff failed to exhaust the grievance procedures available to him at the Jerome Combs Detention Center prior to filing his federal lawsuit. 42 U.S.C. § 1997e.

WHEREFORE, Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and pray this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

**/s/ Michael W. Condon**
MICHAEL W. CONDON, ARDC No. 06192071
TONY S. FIORETTI, ARDC No. 06308997
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com
tfioretti@hcbattorneys.com

## SECOND AFFIRMATIVE DEFENSE

NOW COME Defendants, MICHAEL DOWNEY, ROBERT BERTUCCI, ERIC SENESAC, JEFFREY LONG, and UNKNOWN AGENTS OF THE JEROME COMBS DETENTION CENTER, by and through their attorneys, MICHAEL W. CONDON and TONY S. FIORETTI of HERVAS, CONDON & BERSANI, P.C., and for their Second Affirmative Defense to Plaintiff's Third Amended Complaint state as follows:

Defendants did not violate any clearly established constitutional rights of which a reasonable person would have known, thus entitling them to qualified immunity.

WHEREFORE, Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

**/s/ Michael W. Condon**
MICHAEL W. CONDON, ARDC No. 06192071
TONY S. FIORETTI, ARDC No. 06308997
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com
tfioretti@hcbattorneys.com

### THIRD AFFIRMATIVE DEFENSE

NOW COME Defendants, MICHAEL DOWNEY, ROBERT BERTUCCI, ERIC SENESAC, JEFFREY LONG, and UNKNOWN AGENTS OF THE JEROME COMBS DETENTION CENTER, by and through their attorneys, MICHAEL W. CONDON and TONY S. FIORETTI of HERVAS, CONDON & BERSANI, P.C., and for their Third Affirmative Defense to Plaintiff's Third Amended Complaint state as follows:

To the extent the Court construes Plaintiff's claims as a common law negligence or willful and wanton negligence claim, Plaintiff's claims are barred, in whole or in part, by the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/101 *et seq.*, ("Act"), including but not limited to the following:

1.      Defendant Kankakee County Sheriff is a local public entity and the individual Defendants Corrections Officers are public employees as defined in the Act.  745 ILCS 10/1-206 and 1-207.

2.      Defendants are not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by an injured party or a third party. 745 ILCS 10/2-102 and 10/2-302. Therefore, the Kankakee County Sheriff is not liable for any punitive damages award should such an award be made in favor of Plaintiff.

3.      Defendant Kankakee County Sheriff is not liable for an injury resulting from an act or omission of its employees, including the individual Defendant Officers, where the employees are not liable. 745 ILCS 10/2-109. No Sheriff's employee, including the individual Defendant Corrections Officers or unnamed agents, are liable for Plaintiff's alleged injuries and damages, so the Sheriff is not liable.

4.      The individual Defendant Corrections Officers are not liable for their alleged acts

or omissions in the execution or enforcement of any law unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202, 10/1-210. The Officers at all times were executing or enforcing the law and their acts or omissions did not constitute willful and wanton conduct.

5.      The individual Defendant Corrections Officers are not liable for any injury caused by the acts or omissions of another person. 745 ILCS 10/2-204. Plaintiff was injured through his own negligence or through that of the United States Marshals responsible for Plaintiff's restraint and escort down the stairs of the Federal Courthouse. Therefore, Defendants are not liable.

6.      The Defendant Sheriff and the individual Defendant Corrections Officers are not liable for any failure to provide adequate police protection or service relative to their alleged acts or omissions in preventing the decedent from tripping, falling, or otherwise providing medical attention. 745 ILCS 10/4-102.

7.      The Defendant Sheriff and the individual Defendant Corrections Officers are not liable for any injury proximately caused by the alleged failure to furnish or obtain medical care for a prisoner in their custody unless they knew from their observations of conditions that the prisoner was in need of immediate medical care and through willful and wanton conduct failed to take reasonable action to summon medical care. 745 ILCS 10/4-105. Once Plaintiff fell, he was evaluated and cleared for transportation by a nurse at the Dirksen Federal Courthouse, and upon arrival back to JCDC, he was seen immediately by Jail medical staff.  Defendants were not initially aware from their observations that Plaintiff needed immediate medical care, but nonetheless secured Plaintiff medical care, and took reasonable action to provide and summon medical care and therefore their conduct was not willful and wanton.

8.      Defendants are absolutely immune from state law tort claims involving the failure to provide "sufficient equipment, personnel, supervision or facilities therein." 745 ILCS 10/4-103.

WHEREFORE, Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

**/s/ Michael W. Condon**
MICHAEL W. CONDON, ARDC No. 06192071
TONY S. FIORETTI, ARDC No. 06308997
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com
tfioretti@hcbattorneys.com

## **FOURTH AFFIRMATIVE DEFENSE**

NOW COME Defendants, MICHAEL DOWNEY, ROBERT BERTUCCI, ERIC SENESAC, JEFFREY LONG, and UNKNOWN AGENTS OF THE JEROME COMBS DETENTION CENTER, by and through their attorneys, MICHAEL W. CONDON and TONY S. FIORETTI of HERVAS, CONDON & BERSANI, P.C., and for their Fourth Affirmative Defense to Plaintiff's Third Amended Complaint state as follows:

1.      At the time and place alleged in Plaintiff's Third Amended Complaint, it was the duty of Plaintiff before and at the time of the occurrence, to use ordinary care for his own health and safety.

2.      Plaintiff carelessly, negligently, or intentionally failed to:  (a) exercise reasonable care for his own safety; (b) keep a proper lookout; (c) avoid obvious trip hazards; (d) keep pace with the other detainees; (e) listen to the instructions of the U.S. Marshals; (f) use the handrail; (g) reach out and prevent himself from falling; and (h) avoid an open and obvious condition located on the stairs.

3.      Accordingly, Defendants are not liable to Plaintiff and alternatively Plaintiff's recovery should be reduced in accordance with his proportionate contributory negligence.

4.      WHEREFORE, Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

**/s/ Michael W. Condon**
MICHAEL W. CONDON, ARDC No. 06192071
TONY S. FIORETTI, ARDC No. 06308997
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com
tfioretti@hcbattorneys.com

## FIFTH AFFIRMATIVE DEFENSE

NOW COME Defendants, MICHAEL DOWNEY, ROBERT BERTUCCI, ERIC SENESAC, JEFFREY LONG, and UNKNOWN AGENTS OF THE JEROME COMBS DETENTION CENTER, by and through their attorneys, MICHAEL W. CONDON and TONY S. FIORETTI of HERVAS, CONDON & BERSANI, P.C., and for their Fifth Affirmative Defense to Plaintiff's Third Amended Complaint state as follows:

Plaintiff's claims fail to state a claim upon which relief can be granted. Count I fails to state a claim for negligence, willful or wanton misconduct under Illinois tort law, and fails to state a federal claim under 42 U.S.C. § 1983. Count II fails to state a claim for inadequate medical care or a municipal policy claim under Section 1983.

WHEREFORE, Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

**/s/ Michael W. Condon**
MICHAEL W. CONDON, ARDC No. 06192071
TONY S. FIORETTI, ARDC No. 06308997
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com
tfioretti@hcbattorneys.com

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAVIER GONZALEZ-LOZA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-3046 |
| | ) | |
| vs. | ) | |
| | ) | Judge Matthew F. Kennelly |
| KANKAKEE COUNTY SHERIFF | ) | |
| MIKE DOWNEY, ROBERT BERTUCCI, | ) | |
| ERIC SENESAC, UNKNOWN AGENTS OF | ) | JURY TRIAL DEMAND |
| JEROME COMBS DETENTION CENTER, | ) | |
| AND JEFFREY LONG, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on **January 4, 2021**, I electronically filed the foregoing ***Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint*** with the Clerk of the U.S. District Court for the Northern District of Illinois using the CM/ECF system, which will send notification to the following CM/ECF participants:

Elaine K.B. Siegel
Elaine K.B. Siegel & Assoc., P.C.
P.O. Box 6486
Evanston, IL 60204
ekbsiegel@aol.com

**/s/ Michael W. Condon**
MICHAEL W. CONDON, ARDC No. 06192071
TONY S. FIORETTI, ARDC No. 06308997
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mcondon@hcbattorneys.com
tfioretti@hcbattorneys.com