UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAVIER GONZALEZ-LOZA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA and ) <br> KANKAKEE COUNTY SHERIFF MIKE ) <br> DOWNEY, ) <br> ) <br> Defendants. ) | No. 19 C 3046 <br><br> Judge Kennelly |

## THE UNITED STATES' MOTION TO DISMISS

Defendant United States of America, by John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, moves to dismiss plaintiff's claims against it, pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), and in support states as follows:

1. On or about May 17, 2019, *pro se* plaintiff Javier Gonzalez-Loza commenced this civil action against two unknown Kankakee County Sheriffs and three unknown deputy U.S. Marshals under the Federal Tort Claims Act, alleging that plaintiff tripped and fell on stairs on July 17, 2018, as he was leaving the Dirksen Federal Courthouse after a court appearance and that this occurred because the defendants "were negligent by exposing plaintiff to an unnecessary hazardous condition, namely, where plaintiff had to walk down concrete steps in handcuffs, shackles, and a blackbox." Compl. at 2.

2. Plaintiff specifically brought this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, but the "only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008). On August 22, 2019, the court, on

its own motion, among other things, substituted the United States for the three defendants named as Unknown U.S. Marshals A, B, and C. Dkt. No. 8.

3. An FTCA "action shall not be instituted" against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997)("No one may file suit under the Federal Tort Claims Act without first making an administrative claim."). This is referred to as the exhaustion of administrative remedies. Here, plaintiff filed suit before he had exhausted his administrative remedies—indeed, he had not filed an administrative claim at the time of filing this lawsuit. Therefore, the United States moved to dismiss this action for failure to exhaust administrative remedies on February 5, 2020. Dkt. 17, 28 U.S.C. § 2675(a).

4. The court did not rule upon that motion. Instead, plaintiff, through appointed counsel, filed a first amended complaint, which did not name the United States nor allege a tort claim against it. Dkt. 36. The plaintiff subsequently filed a second amended complaint and a third amended complaint, neither of which stated claims against the United States.

5. On May 17, 2021, with leave of court, plaintiff filed a fourth amended complaint alleging tort claims under the FTCA against the United States regarding the same incident alleged in the original complaint.[1] Dkt. 73. With respect to administrative exhaustion, the fourth amended complaint alleges that plaintiff submitted an administrative claim to the United States Marshals

---

[1] That pleading also appears to allege claims against two individual federal officers in their individual capacities, but the undersigned does not represent them currently, and this motion does not regard those claims.

2

Service on or around July 17, 2020, and the USMS denied that claim by a letter dated January 12, 2021. *Id.* ¶11. The attached January 12, 2021 letter states, among other things, "If your client is dissatisfied with our determination, suit may be filed in the appropriate U.S. District Court no later than six months after the date of the mailing of this denial. See 28 U.S.C. § 2401(b)." Dkt. 73, Ex. A.

6. In a May 24, 2021 minute entry regarding a status hearing held on the fourth amended complaint, and with respect to the new pleading and its renewed FTCA claims against the United States, the court stated that the "United States was previously served with summons and need not be served again." Dkt. 76.

7. Because this action was instituted at a time when plaintiff had not exhausted his administrative remedies under the FTCA, he may not pursue his FTCA claims in this action. *Compare* Dkt. 1 to Dkt. 73 at ¶11; 28 U.S.C. § 2675(a). That original deficiency cannot be cured in the context of this case. In *McNeil v. United States*, 508 U.S. 106 (1993), the Supreme Court held that the FTCA requirement that administrative remedies be exhausted before bringing suit is not satisfied by exhaustion occurring after the commencement of a suit. The Court found the FTCA's "command that an 'action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous." *Id.* at 111. The claimant in *McNeil* argued that his pre-exhaustion institution of his FTCA action could be cured, so long as "no substantial progress has been made in the litigation by the time the claimant has exhausted his administrative remedies." *Id.* The Supreme Court rejected that argument. *Id.* at 112. Instead, it held that the "most natural reading of the statute indicates that Congress intended

to require complete exhaustion of Executive remedies before invocation of the judicial process" and affirmed dismissal of the action because the "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Id.* at 112-13. *McNeil* thus stands for the proposition that a *pro se* litigant can be both too early and too late if he files suit before exhausting and fails to file a new suit after exhausting.

8. Likewise, plaintiff cannot simply reassert his FTCA claims in a fourth amended complaint. *Id.* at 111-13; *Wess v. United States Gov't*, No. 10 C 4555, 2010 WL 4386861 (N.D. Ill. Oct. 28, 2010) (collecting cases with holding that premature FTCA complaint cannot be cured through amendment; indicating plaintiff needed to institute a "fresh suit" in district court new complaint); *Worthem v. Hall*, No. 07 C 7255, 2009 WL 5126117, at *5 (N.D. Ill. Dec. 23, 2009) (denying plaintiff's motion to amend his FTCA complaint which was filed before exhaustion of administrative remedies; following *McNeil* and holding that "Plaintiff may not pursue his FTCA claim in this case, but rather must, once he has exhausted his administrative remedies, file a new lawsuit."); *see also Cooper v. United States*, No. 20 C 2694, 2020 WL 7714211, at *4 (N.D. Ill. Dec. 29, 2020) (Kennelly, J.) (dismissing without prejudice an FTCA action after the court held it had been filed before exhaustion of administrative remedies, while finding it subsequently had been exhausted because of agency inaction after six months; directing the plaintiff to file "a fresh suit now that the six-month period has run.").

9. Because this lawsuit was filed before the exhaustion of administrative remedies, in violation of 28 U.S.C. § 2675(a), the claims against the United States should be dismissed. *See McNeil*, 508 U.S. at 107, 112 (affirming dismissal where plaintiff filed suit before exhausting his administrative remedies, despite the argument that he had cured that deficiency).

10.	Even if an argument could be made that the circumstances of this case might warrant an exception to the Supreme Court's *McNeil* holding, taking such a risk just is not worth it. The United States gains no advantage by pointing this risk out, but we do so regularly. For the cost of filing a new case (or for no cost, if the court were to grant *in forma pauperis* status for the new case), the plaintiff and his counsel can avoid the risk that an appellate court would find *McNeil* applicable (which we expect it would). If plaintiff's claims against the United States were allowed to proceed without the filing of a new case, the exhaustion issue would hang over it through any possible appeals. And without expressing any view on the possibility of settlement (we also point this out regularly), leaving a threshold jurisdictional issue (or mandatory requirement, if the issue is not jurisdictional) in the case will either prevent settlement or require a large litigation-risk discount by the plaintiff. This seems an unworthy gamble. There is a six-month window to file the new suit from the date of the FTCA claim denial. Once that passes, nothing can be done to remedy the problem. Plaintiff should follow the direction received in his claim denial letter and file a new suit within that window to proceed on his claims. With respect to this pending action, the court should dismiss the claims as to the United States.

WHEREFORE, the case should be dismissed as to the United States.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Sarah J. North
SARAH J. NORTH
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-1413
sarah.north@usdoj.gov