UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
Eastern Division

Javier Gonzalez–Loza
                        Plaintiff,
v.                                                    Case No.: 1:19–cv–03046
                                                                 Honorable Matthew F. Kennelly

United States of America, et al.
                        Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, August 24, 2021:

      MINUTE entry before the Honorable Matthew F. Kennelly: Two of the recently–added US Marshals Service defendants have moved to dismiss plaintiff's fourth amended complaint for failure to state a claim. They contend: (1) the claim against them is barred by the statute of limitations; (2) no *Bivens* remedy is available for the wrong alleged by plaintiff; (3) plaintiff has failed to allege a viable constitutional claim; and (4) they are entitled to qualified immunity. The limitations argument lacks merit on a Rule 12(b)(6) motion, and the Court therefore overrules it for purposes of the present motion. It is appropriate to grant a motion to dismiss on the basis of an affirmative defense like the statute of limitations––on which the defendant bears the burden of persuasion––"[o]nly when the plaintiff pleads [himself] out of court––that is, admits all the ingredients of an impenetrable defense." *Xechem, Inc. v. Bristol–Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). That is most certainly not the case here, as plaintiff has a viable argument for tolling the statute of limitations due to his initial pro se status; the fact that he does not speak English; the fact that he is a prisoner who could not plausibly conduct discovery under the circumstances; and the likelihood that he could not identify the proper defendants without obtaining legal and language assistance as well as some discovery. The qualified immunity defense almost certainly lacks merit as a basis for Rule 12(b)(6) dismissal, as it appears to be largely a fact–bound argument, thus requiring further factual development. But because that defense potentially has a law–based component here, the Court will not overrule the argument outright but instead will require briefing. Plaintiff is directed to file a written response to defendants' arguments (2), (3), and (4) identified above, by 9/21/2021; defendants are directed to file a reply by 10/5/2021. (mk)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.